UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

    -AGAINST-

RICHARD MICHIE,

              DEFENDANT.
----------------------------------X

ORDER AND MEMORANDUM
01-CR-1295(DRH)

A P P E A R A N C E S:

For the Government:
    Benton J. Campbell
    United States Attorney
    Eastern District of New York
    One Federal Plaza
    Central Islip, New York
      By: William P. Campos, A.U.S.A.

For Defendant:
    Richard Michie, Pro Se
    Reg. # 60211-053
    Federal Correctional Institution Elkton
    P.O. Box 10
    Lisbon, Ohio 44432

HURLEY, Senior District Judge

        By letter filed on May 9, 2009, defendant has moved to be resentenced pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 (as amended effective March 3, 2008).

        Defendant pled guilty on November 12, 2002 to a single count superseding information which charged that between January 2001 and October 31, 2001, he and his co-defendants distributed and possessed with the intent to distribute cocaine base in an amount of 5 grams or more in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was sentenced by me on May 23, 2003 to 65 months of imprisonment to be followed by three years of

supervised release. Reference to the Federal Bureau of Prison's Inmate Locator system indicates that defendant's projected release date is October 23, 2009.

It is agreed by the parties that the motion is addressed to the Court's discretion. In exercising that discretion, the Court should view the factors listed in § 3553(a) in conjunction with the lowered guideline range triggered by the crack guideline amendment. Here, the initial guideline range in effect at the time of sentence was 87 to 108 months. The current adjusted advisory guideline range is 70 to 87 months. See Second Addendum to Presentence report dated June 29, 2009 at ¶ 45.

As noted, defendant's original sentence, following a downward departure for extraordinarily family circumstances, included a period of 65 months of incarceration, i.e. 22 months below the minimum of the applicable guideline range, and 5 months below the current amended guideline range. Under such circumstances, I could grant the requested relief even though U.S.S.G. § 1B1.10(2)(A) indicates that generally amended sentences beneath the minimum of the current guideline range is inappropriate. See U.S.S.G. § 1B1.10(b)(2)(B) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subdivision may be appropriate"). Nonetheless I decline

to do so in this case because (1) after considering the factors listed in 18 U.S.C. § 3553(a), I would have not imposed a sentence beneath 65 months in May of 2003 if the guideline range was then 70 to 87 months instead of 87 to 108 months, and (2) in August of 2005, the defendant voluntarily and illegally absented himself from a half-way house during the midst of serving his sentence.

For the reasons indicated, the relief requested is denied.

SO ORDERED.

Dated: Central Islip, New York
September 22, 2009

/s/
_____
DENIS R. HURLEY, 6U.S.D.J.